The judges delivered their opinions, severally :
Bkevaiid, J.
I am of opinion that the order made in the district court should be set aside. The act of 1786 makes it lawful to serve a summons in dower ten days before court: but if we say, that the writ must be returnable to the clerk fifteen days before court, we deprive the party of the benefit of having it served ten days before. The writ cannot be served after it is returnable, so as to S°°d for the next court; although by an act of assembly of this State, it will be good for the next succeeding court. But the principal ground of my opinion is this. The act of 1799, requiring all judicial process to be returnable fifteen days before court, can. not be construed to mean every sort of judicial process, as the words seem to import. The meaning of the act is, that judicial process, in general, shall be so returnable; for there are many exceptions that must, from necessity, be made, as writs of subpoena, writs of attachment for contempt, writs of mandamus, &c.
1 have no doubt but that this is a judicial process, within the meaning of the act, but not as to thispoint. I think a summary process is a judicial process, within the meaning of the act, although it has been usual to give such process, not a judicial form, but the form of an order. The ancient distinction was between judicial and original process: original process issued out of chancery ; judicial process was founded on some original process. But in this country no such distinction exists, and all process, if sued out of the courts of common pleas, must be deemed judicial process. The judicial process intended by the act, I take to be, all writs of mesne process and execution, and writs of scire facias. I do not think writs of summons in dower, or partition, were intended, any more .than writs of subpoena, and gome others.
t This construction may be given to the act, notwithstanding the words, “ all judicial process,” because it is a necessary construction. The act of 1720, P. L. 109, requires that all original process, issuing out of the court of common pleas, shall be by writ to attach the body; vet writs of summons in dower are never .so directed ; nor writs in debt, assumpsit, &c., against executors, or administrators. They are summoned, not attached, This devia *79 iion from the act was founded on necessary construction; as without such construction, a principle of the common law would be infringed. So here, withoutthe ¿onstructibri I give tó the Act of 1799, the act of 1786 must be infringed. Or shall we say the latter act is altered by the former. The summons must be by writ,'since the supplementary judicial act of 1799, which authorises the clerk to issue summonses in dower in common form, speaks of such sum.monses under the denomination of writs.
Simons, for plaintiff. Branding, for defendant.
Trezevant, J.,
thought the form of the process was mistaken. The proper form' of a summons would- be that of an' order, or rule, and-not that of a writ requiring a return, and a seal; and-it ought not to be directed to the sheriff -but to the party summoned. But in this' case, the-party having-chosen to give it the form oí a judicial process, it must be regarded as such, and ought to have been made returnable, as the act of 1799 directs.
Johnson, J.,
gave no opinion, having presided in the district court, and decided the motion there.
Bay,'-J.,
said the summons ought to have been in the form of a rule, which was the old form used’ in this State, when he was at the bar. Concurred with Trezevant, J.
Waties, J.
agreed that the old form ought to have been used ; and' that this writ was quashable for that cause. As to.the difficulty stated,of the return being before the lime when the process may be served by the act of 1786 ; if such a question were necessary to be decided, I should be of opinion, that the act requiring the process to be returnahle fifteen days before court, so far altered the former law, which-makes it lawful to serve the process ten days before court, as to make it necessary to serve the process-fifteen days, at leasts before"' court, instead of ten.
Gkimke, J,, ahseint, sick.
•So the plaintiff took nothing by his motion.